UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

| | |
|---|---|
| DIANE CIVITANO | **Complaint** |
| Plaintiff, | |
| v. | (Jury Trial Demanded) |
| PAMROB, INC. and as an individual, PAMELA HOCHSTIN | 17 CV 1633 |
| Defendants. | |

------------------------------------------------------------------------x

Plaintiff Diane Civitano, by her attorney Clif Bennette, as for her Complaint, alleges:

## NATURE of the CASE

1. Plaintiff Diane Civitano brings this action to recover unpaid wages from Pamrob, Inc. ("Pamrob") and Pamela Hochstin (collectively "Defendants"). Plaintiff was paid at her regular rate of pay instead of time-and-a-half, for hours worked in excess of forty hours in a work-week. The difference between those two rates multiplied by the number of hours worked, amounted to about $20,747. Plaintiff also seeks recovery of approximately $6,324 in unpaid regular wages for hours in which she was paid a lower than agreed-upon rate, liquidated damages and a reasonable attorney's fee, all pursuant to § 216(b) of the Fair Labor Standards Act of 1938 (29 U.S.C. §§ 201-219) ("FLSA" or the "Act"). Similarly, Plaintiff seeks recovery of the aforesaid unpaid wages, liquidated damages and a reasonable attorney's fee pursuant to the (N. Y. Minimum Wage Act ) N.Y. Lab. Law §§ *190 et seq.*, §§ 650 et seq. ("NYLL") and associated regulations including 12 NYCRR § 142-2.2. Plaintiff is also entitled to recover such unpaid wages under Article 6 of the N.Y. Lab. Law including § 191, and is entitled to maximum liquidated damages and attorneys' fees pursuant to §198 of the N.Y. Lab. Law.

## JURISDICTION and VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and under FLSA pursuant to 29 U.S.C. § 216(b). The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 in that they are so related to Plaintiff's FLSA claims as to form the same case or controversy.

3. Venue is proper under 28 U.S.C. § 1391 because Defendants maintain their principal place of business, do business, and reside in, this District. Venue is also proper because a substantial part of the events or omissions giving rise to the claims occurred within the District.

## PARTIES

4. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201, 2202.

5. At all relevant times Plaintiff is over eighteen years old and resides in New York State.

6. Defendant Pamrob employed and paid Plaintiff on an hourly basis at its Scarsdale headquarters from on or about May 1, 2010 until she was terminated on December 2, 2016.

7. Defendants never assigned a job title to Plaintiff. However, her main duty included non-exempt stocking (e.g. receiving shipments and opening boxes) and billing-related tasks (e.g. letter correspondence, telephone calls) as a liaison to vendors, some located out-of-state. Other duties included selling apparel to customers in the tri-state area as well as "cleaning up," light bookkeeping and running errands.

8. Upon information and belief, at all relevant times Pamrob is a domestic, for-profit LLC with less than ten (10) shareholders, organized, existing and doing business in the State of New York and headquartered at 10 Chase Road, Scarsdale, N.Y. 10583.

9. Upon information and belief, at all relevant times Defendants operated a retail clothing store with annual gross revenue amounting to at least $500,000.

10. Upon information and belief, Defendant Pamela Hochstin resides in New York State and is Pamrob's owner, manager and primary shareholder.

11. Ms. Hochstin was at all relevant times in active control and management of Pamrob, regulated the employment of all persons it employed, acted directly and indirectly in its interest in relation to said employees.

## STATEMENT of FACTS

**Defendants' Failure to Pay Adequate Overtime and Regular Wages to Plaintiff**

12. Upon information and belief, at all relevant times herein Defendants did not display the required FLSA and NYLL posters and notices of employee wage and overtime rights as required by the FSLA and NYLL.

13. Upon information and belief, at all relevant times before January, 2015 Defendants issued "generic" company paychecks to employees that specified only net pay, not gross pay or deductions.

14. At all times relevant, Defendants were employers of Plaintiff within the definition of the FLSA 29 U.S.C. § 203(d) and the NYLL, and Plaintiff was an employee of Defendants within the definition of FLSA § 203 (e)(1) and the NYLL.

15. Upon information and belief, at all relevant times Defendants have been and continue to be an "employer" engaged in interstate "commerce" (within the meaning of 29 U.S.C. § 203 and the NYSLL) and employed "employees," including Plaintiff.

16. On average, Plaintiff worked forty-six (46) hours in a typical Monday - Friday work-week starting on or about January 1, 2011 until December 2, 2016.